## (January 21, 1965)

■ In the Matter of EMANUEL GOLDSTEIN et al., Respondents, v. THEODORE H. LANG et al., Constituting the Department of Personnel, Civil Service Commission of the City of New York, et al., Appellants.

APPEAL from an order of the Supreme Court at Special Term, entered August 1, 1963 in New York County, which granted an application by petitioners to annul the determination by respondents terminating the promotional eligible list for the position of Court Clerk, which was established on or about October 25, 1961.

*Per Curiam.* The opinion of Mr. Justice GELLINOFF at Special Term adequately describes the constitutional and statutory bases for granting the relief sought by petitioner-eligibles. Only one aspect of the matter raised by the opinion of the dissenting Justices in this court requires further comment.

The statute (Civil Service Law, § 56) provides the circumstances under which an eligible list may be terminated. Concededly the statute in the instant case did not accomplish the termination of the eligible list in question. Indeed, appellants seek to avoid the effect of the statute by arguing a tortuous and strained construction of the statutes providing for court reorganization. (Judiciary Law, §§ 212, 223.) Moreover, if the court reorganization or any other statute or circumstances had effected the termination of the eligible list in suit, then it would not have been necessary for the Judicial Conference to issue its command and for the Civil Service Commission to obey the mandate in terminating the list. The recognition of a need for such action implies

necessarily a recognition that the list survived. In addition, the Judicial Conference and the Civil Service Commission by their conduct with respect to other eligible lists subject to the same alleged infirmities under the Constitution and the statutes have acted inconsistently in those instances. They have continued the effect of the eligible lists and have continued to make appointments from them to courts which have been absorbed into new reorganized courts.

Accordingly, the order should be affirmed, without costs.

STEVENS and STEUER, JJ. (dissenting). We dissent, vote to reverse the order appealed from, and dismiss the petition.

These petitioners-respondents (petitioners), formerly employees of the Magistrates' Court, are presently employees of the Criminal Court of the City of New York. In 1961 they, with others, took and passed a civil service examination, open only to Magistrates' Court employees, for the position of court clerk, and were placed on the promotional eligible list.

September 1, 1962 the new Court Reorganization Act became effective, and by its terms the City Magistrates' Court and the Court of Special Sessions of the City of New York were abolished and a new Criminal Court of the City of New York was created to perform the functions of the abolished courts. Judicial and nonjudicial personnel of the abolished courts were transferred to the new court with the same civil service titles previously held in the courts in which they had been serving. Many of the persons on the promotional eligible list previously referred to were promoted. These petitioners were not. The eligible list was terminated by the Civil Service Commission (herein Commission) October 25, 1962. The Commission states it acted pursuant to a mandate of the State Administrator of the State Judicial Conference which directed the termination in the courts affected of all promotional lists which were not city-wide. Petitioners thereafter instituted this article 78 proceeding against the Commission and the judicial conference to review, vacate and annul the determination of the Commission and to obtain a directive that the Commission reinstate the promotional eligible list. Petitioners successfully urged at Special Term and contend on this appeal that the action of the Commission in terminating the eligible list herein was illegal and improper. It is from the order granting petitioners' application that this appeal is taken.

The single question here involved is one of power and authority, though its exercise involves a twofold aspect. Was the directive of the judicial conference issued a proper exercise of its powers, and did the Commission thereafter in obedience thereto properly terminate the list?

Under section 28 of article VI of the Constitution of the State of New York (as amended and in force January 1, 1963) " The authority and responsibility for the administrative supervision of the unified court system for the state shall be vested in the administrative board of the judicial conference * * * The composition and functions of the judicial conference shall be as now or hereafter provided by law." Prior to April 24, 1962 the provisions for appointments, promotions, and transfers in the competitive civil service were found entirely in the Civil Service Law. April 24, 1962, the Legislature added a new article to the Judiciary Law (art. 7-A, " Judicial Administration "), effective September 1, 1962, which was designed " to carry into effect article six of the constitution creating a unified court system for the state by providing an organizational structure for the administrative supervision of all the courts comprising such system in order to improve the administration of justice * * * and achieve a more uniform and efficient operation of the unified court system, its services and facilities." (L. 1962, ch. 684, § 1.) Under the provisions of article 7-A an administrative board of the judicial conference was established and its functions, powers and duties were set forth in some

detail. (Judiciary Law, §§ 210, 212.) The new article also made provision for nonjudicial personnel, particularly in respect to transfers and pensions, by stating explicitly " officers and employees of the courts abolished by article six of the constitution, as amended, on the effective date hereof, shall, to the extent practicable, be transferred to courts which exercise the jurisdiction formerly exercised by the courts in which they were employed, and appointed to positions in such courts where their skills, experience and training can be fully utilized. Transfers and appointments under this section shall comply with the provisions of the civil service law " (§ 223, subd. 1). Subdivision 3 of section 223 stated " the appointment, promotion and continuance of employment of officers and employees of the unified court system shall be governed by the provisions of the civil service law ". This provision was repealed at the same session of the Legislature (L. 1962, ch. 685). However, the substance of the repealed subdivision was transferred to section 212 which was amended with this difference. The word " governed " was stricken and the word " consistent " substituted in place thereof. Section 212 in pertinent part then read " the administrative board shall have the authority and responsibility for the administrative supervision of the unified court system. In discharge of that authority and responsibility the administrative board, in consultation with the judicial conference, may adopt, amend, rescind and make effective standards and policies for general application throughout the state, including but not limited to standards and policies relating to the following administrative powers and duties: 1. Personnel practices, title structure, job definition, classification, qualifications, appointments, promotions, transfers, leaves of absence, resignations and reinstatements, performance rating, sick leaves, vacations, time allowances and removal of nonjudicial personnel of the unified court system. The *standards* and *policies* of the administrative board relating to the foregoing powers and duties shall be *consistent* with the civil service law." (Italics supplied.) The term " consistent " as here used may reasonably be construed to mean " in accordance with " as contrasted with the word " governed " which ordinarily means to control or to exercise the predominant influence over. In other words, the board cannot appoint or promote nonjudicial personnel to competitive positions in the civil service without the necessary examinations nor can it remove such personnel except in the manner and with the safeguards provided in the applicable statutes. (See Civil Service Law, §§ 60–75 inclusive.)

The petitioners urge that the termination of the list was in direct violation of the Civil Service Law and moreover that the Commission abdicated its power to the judicial conference. It is claimed that section 56 of the Civil Service Law is directly violated. That section provides " The duration of an eligible list shall be fixed at not less than one nor more than four years. An eligible list that has been in existence for one year or more shall terminate upon the establishment of an appropriate new list, unless otherwise prescribed by the state civil service department or municipal commission having jurisdiction." It is their position that the promotional eligible list, having been in effect for more than one year with no prior limitations imposed therein, could only have been terminated by the establishment of an appropriate new list and that the judicial conference was without power to effectively direct its termination or the Commission, in obedience thereto, terminate such list as was done here.

From the Constitution and the various sections of the law quoted certain things stand out. The administrative board of the judicial conference has both the authority and the responsibility for the supervision of the unified court system and to carry out its functions. It has the power to adopt standards

and policies dealing with job qualifications, appointments, promotions, etc., with regard to its personnel, the only limitation on such power being that its standards and policies shall be consistent with Civil Service Law. Appointments must be made as a result of competitive examination; both appointments and examinations must be in general accord with civil service principles. Such restrictions on the power of the administrative board of the judicial conference would be required to make its actions "consistent" with the Civil Service Law. If the change in the statute is to be given meaning it must mean that the administrative board is bound by the general principles of civil service but that it has discretion and power to fit the particular application to the situations it is required to meet.

It should be noted also that the promotional eligible list on which these petitioners placed was for a court which no longer exists. The law will not require the doing of a futile thing. To insist upon the continued existence of this eligible promotional list, when the promotional unit no longer exists and no appointment can be compelled therefrom, is an exercise in sheer futility. Indeed it is doubtful if any appointment could, with propriety, be made to the new court without doing violation to the constitutional provision requiring merit and fitness to be ascertained by competitive examination as far as practicable. As pointed out, the Magistrates' Court has now been merged with the Court of Special Sessions of the City of New York and to afford these petitioners a preference in promotion over the personnel of the other merged court would seem as unwarranted as it is unfair. It is specifically provided that officers and employees of the abolished courts "shall, to the extent practicable", be transferred to the merged courts. The use of the words "as practicable" indicates that the Legislature vested some discretion in the administrative board and that it visualized the possibility that there would necessarily be some omissions in appointments to particular positions in the merged courts. Wherever such transfers or appointments could be made, however, it was requisite that they comply with the provisions of the Civil Service Law. It is unreasonable and unrealistic to suppose that the Legislature would have vested the administrative board with the authority and responsibility for the administrative supervision of the unified court system without affording them the tools to carry out that responsibility, or vesting in them at least a limited measure of discretion. These petitioners were all transferred with the same title held by them prior to the transfer. "Petitioners did not possess a vested right to appointment by reason of the fact that their names were upon an eligible list. Their only right, so long as their eligible list remained in force, was to insist that no appointments be made to vacant positions except from that list. (*Hurley* v. *Board of Education of City of New York,* 270 N. Y. 275, 279.)" (*Matter of Bailey* v. *Kern,* 177 Misc. 904, 905.) The Constitution declares that "Appointments and promotions in the civil service of the state and all of the civil divisions thereof, including cities and villages, shall be made according to merit and fitness to be ascertained, as far as practicable, by examination which, as far as practicable, shall be competitive". (State Const., art. V, § 6.) When it provided for a unified court system, including a city-wide court of criminal jurisdiction, it cannot be reasonably urged that it did not intend for appointments and promotions to such court to be made on the basis of competitive examination with the exceptions duly provided for in such act. If the terminated list had remained in existence the appointment of these petitioners could not be compelled to the newly-created court for which they had not taken a competitive examination, in the face of a determination by the administrative board that such could not be practicable. The list did not become sacrosanct so that it could not be abolished

when the need and the court which it was designed to serve no longer existed.

It has been held that further action by a civil service commission, once a list has been promulgated, "must * * * be for cause, with good reasons and proper motives for the correction of improper action", and that it may not act arbitrarily. It has also been pointed out, though not in the context here indicated, "The commission has life and power to vacate a list which has no legal virtue whatsoever." (*People ex rel. Finnegan* v. *McBride,* 226 N. Y. 252, 259.) Admittedly the last-quoted observation was not made in a situation comparable to the present one. That, however, need not detract from its validity or possible pertinency. It might also be pointed out that the competitive examination is designed to indicate merit and fitness then existing, and that since the Criminal Court of the City of New York as such did not exist at the time of the promulgation of the promotional list, it may be questioned whether such list presently demonstrates the requisites for promotion in the new court without further examination. (Cf. *People ex rel. Schau* v. *McWilliams,* 185 N. Y. 92.)

In summary, since the promotional unit no longer existed, and by virtue of the powers vested in the administrative board, its direction to the Commission was a proper one. Furthermore, since no vacancies existed in the position for which petitioners qualified by promotion at the time of the creation of the Criminal Court, termination of the list violated no right of the petitioners. (See, also, Civil Service Law, § 70.) Accordingly, the order appealed from should be reversed and the petition dismissed.

Breitel, J. P., Valente and McNally, JJ., concur in *Per Curiam* opinion; Stevens and Steuer, JJ., dissent in opinion.

Order, entered on August 1, 1963, affirmed, without costs and without disbursements. [39 Misc 2d 962.]