OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
The affirmed finding of fact that respondents acted in good faith in terminating petitioner’s probationary employment on the basis of unsatisfactory performance is beyond our review. (Morgan Servs. v Lavan Corp., 59 NY2d 796.)
With regard to petitioner’s claim for a name-clearing hearing, “[o]nly if the [public] employer creates and disseminates a false and defamatory impression about the employee in connection with his termination is such a hearing required.” (Codd v Velger, 429 US 624, 628 [emphasis added]; see, also, Matter of Thomas v New York Temporary *876 State Comm, on Regulation of Lobbying, 56 NY2d 656.) While the law of defamation requires but one communication to a single person (Ostrowe v Lee, 256 NY 36, 38), a discharged employee’s entitlement to a due process hearing to clear his or her name accrues only when there has been a “public disclosure” by the employer of stigmatizing reasons for the discharge (Bishop v Wood, 426 US 341, 348; see, also, Matter of Petix v Connelie, 47 NY2d 457), thereby foreclosing the employee’s freedom to take advantage of other employment opportunities (Board of Regents v Roth, 408 US 564, 573). Here, the mere fact that one officer within the agency in which petitioner was employed was familiar with some of the reasons for petitioner’s demotion, does not establish that such information was publicly disseminated by respondents (cf. Matter of Petix v Connelie, supra, at p 460), and, consequently, no hearing was required.
We have considered petitioner’s other claims and find them to be without merit.