■ In the Matter of ADRIEL LYLES, Respondent, v RICHARD RAVITCH, as Chairman of the New York City Transit Authority, et al., Appellants. — In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination

dismissing petitioner from his employment, the appeals, as limited by the appellants' briefs, are from so much of a judgment of the Supreme Court, Kings County (Jordan, J.), dated January 10, 1983, as failed to grant appellants' motions to dismiss the petition and instead granted the petition to the extent of directing that a hearing be held by appellants as to the validity of the grounds for termination of petitioner's employment. ¶ Judgment reversed insofar as appealed from, on the law, without costs or disbursements, motion of appellants Ravitch and New York City Transit Authority denied, motion of appellants Lebow, Amer, Katz, Gouidine, Knuckles and New York City Civil Service Commission granted and petition dismissed insofar as it seeks relief against said latter parties and matter remitted to the Supreme Court, Kings County, for further proceedings not inconsistent herewith. ¶ In order to be entitled to the name-clearing hearing that he seeks, petitioner must establish that the charges against him are stigmatizing (see *Matter of Jackson v Wallach,* 48 AD2d 925; *Matter of Cohen v Department of Mental Hygiene,* 48 AD2d 697), that he affirmatively challenged their truth (see *Matter of Beneky v Waterfront Comm.,* 42 NY2d 920, cert den 434 US 940), and that they have been publicly disseminated (see *Bishop v Wood,* 426 US 341, 348-349; *Matter of Lentlie v Egan,* 61 NY2d 874). Viewed in the light most favorable to the petitioner, as it must be at this juncture (see *Matter of Stokes v Connelie,* 81 AD2d 988; *Matter of Lichtensteiger v Housing & Dev. Admin.,* 40 AD2d 810), the petition alleges each of these elements. However, it was error for Special Term to grant the name-clearing hearing sought by petitioner prior to affording appellants Richard Ravitch and the New York City Transit Authority the opportunity to answer, to which they are entitled (see CPLR 7804, subd [f]). Whether petitioner has established each of the elements necessary to his claim can be determined only after issue has been joined. Although this court has held that the answer requirement may be dispensed with in certain very limited circumstances (see *Marlow v Kobliner,* 78 AD2d 874; *Matter of Rubin v Board of Educ.,* 71 AD2d 606), the instant matter does not present such a situation. ¶ As to appellants Civil Service Commission and its members and secretary, however, no answer is necessary since Special Term erred in refusing to grant their motion to dismiss the petition as to them. Even if it is ultimately determined that petitioner is entitled to the hearing he requests, such hearing would be conducted by his employer, the Transit Authority, rather than by the Civil Service Commission. Since no relief can be granted against the commission, or its members or secretary, their presence in the instant proceeding is without purpose, and their motion to dismiss the petition as to them should have been granted. Gibbons, Niehoff and Boyers, JJ., concur.

Mangano, J. P., and Weinstein, J., dissent and vote to reverse the judgment insofar as appealed from and dismiss the proceeding in its entirety, with the following memorandum: In order to be entitled to a name-clearing hearing, petitioner must show, in addition to the stigmatizing nature of the charges and that he affirmatively challenged their truth, that the accusations against him have been publicly disseminated (see *Bishop v Wood,* 426 US 341, 348-349; *Matter of Gray v Director, Bronx Dev. Servs.,* 62 NY2d 729; *Matter of Lentlie v Egan,* 61 NY2d 874). The petition alleges only the possibility of future dissemination, which is insufficient to meet this standard (see *Matter of Lentlie v Egan, supra*).