OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, with costs, and the certified question answered in the negative.
 

 As we have held in
 
 Collins v Manhattan & Bronx Surface Tr. Operating Auth.
 
 (62 NY2d 361), MABSTOA is not
 
 *899
 
 required by section 6 of article V of the Constitution to make appointments and promotions on the basis of merit and fitness. Moreover, section 1203-a (subd 3, par [b]) of the Public Authorities Law expressly provides that employees of MABSTOA “shall not acquire civil service status”. Employment by MABSTOA may, therefore, be terminated at any time, without a hearing and without reasons being stated, unless doing so would be violative of some other provision of the Constitution, a statute other than the Civil Service Law, or the provisions of a collective bargaining agreement or of an individual contract between the Authority and the employee
 
 (Matter of Stanziale v Executive Dept.,
 
 55 NY2d 735, 737;
 
 Matter of Holbrook v State Ins. Fund,
 
 54 NY2d 892, 894;
 
 Matter of Hopkins v Lefkowitz,
 
 48 NY2d 901;
 
 Matter of Anonymous v Codd,
 
 40 NY2d 860;
 
 Matter of Talamo v Murphy,
 
 38 NY2d 637, 639;
 
 James v Board of Educ.,
 
 37 NY2d 891, 892). It is, moreover, the burden of the employee to establish that termination of his employment violated such a constitutional, statutory or contractual provision
 
 (Matter Board of Educ.,
 
 34 NY2d 318, 323;
 
 Haberman v Codd,
 
 48 AD2d 505, 508).
 

 Petitioner argues that his termination violated his constitutional rights of due process and free speech and constituted a “stigma” entitling him to a hearing. He suggests further that his right to a hearing is implicit in MABSTOA’s employment procedures. No issue of free speech or of stigma is pleaded in the petition, nor with respect to stigma has petitioner pleaded that there was public disclosure constituting “dissemination”
 
 (Matter of Lentlie v Egan,
 
 61 NY2d 874). Moreover, his petition does not set forth any procedures of MABSTOA from which can be implied a limitation on its right to terminate its employees at will (cf.
 
 Weiner v McGraw-Hill, Inc.,
 
 57 NY2d 458;
 
 Parker v Borock,
 
 5 NY2d 156). It follows that the right of MABSTOA to terminate petitioner’s employment at will remains unimpaired
 
 (Murphy v American Home Prods. Corp.,
 
 58 NY2d 293, 305) and that the Authority’s cross motion to dismiss the petition should, therefore, have been granted.
 

 Chief Judge Cooke and Judges Jasen, Jones, Wacht-ler, Meyer, Simons and Kaye concur.
 

 
 *900
 
 Order reversed, with costs, petition dismissed as against appellant Manhattan and Bronx Surface Transit Operating Authority and question certified answered in the negative in a memorandum.