**Theodore G. LEATHEM, Plaintiff,**

v.

**RESEARCH FOUNDATION OF the CITY UNIVERSITY OF NEW YORK, Thomas Facciolo, Matthew Goldstein and Harold M. Prochansky, Defendants.**

**No. 85 Civ. 2777 (SWK).**

United States District Court,
S.D. New York.

April 16, 1987.

Lippman & Lippman by Marshall E. Lippman, John T. Cushing, New York City, for plaintiff.

John R. Dugan, Jr., General Counsel, Research Foundation of the City University of New York, New York City, for defendant Research Foundation of the City University of New York.

Stanley A. Teitler, P.C. by Stanley A. Teitler, Jeffrey S. Gubernick, New York City, for defendants Thomas Facciolo, Matthew Goldstein and Harold M. Proshansky.

KRAM, District Judge.

This action is brought under the Age Discrimination in Employment Act (the "ADEA"), 29 U.S.C. § 621 *et seq.*, and pendent New York State common law. Plaintiff alleges that defendants discriminated against plaintiff and terminated his employment because of his age, that defendants breached an implied contract of employment, and that defendants wrongfully discharged plaintiff from his employment. The action is presently before the Court on defendants' motion to dismiss the second and third counts of the complaint, the pendent state claims, for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons

set forth below, defendants' motion is granted.

## FACTS

Plaintiff Theodore G. Leathem ("Leathem") was hired as Administrative Officer by defendant Research Foundation of the City University of New York (the "Foundation"), a non profit educational corporation associated with the City University of New York, in 1969. Leathem did not fill out an employment application or enter into any written employment contract with the Foundation. Leathem was not covered by a collective bargaining agreement; nor was he hired for a specific term, nor under any agreement limiting the Foundation's right to discharge him for any reason or for no reason at all.

In 1977, the Foundation published and distributed a memorandum entitled "Internal Guidelines and Procedure Statement" (the "Guidelines"), pertaining to central office employees outside the bargaining unit such as plaintiff. As to termination, the Guidelines provide in relevant part:

Prior to termination of an employee for inadequate performance, the employee shall be notified in writing of specific deficiencies, and be given the opportunity to remedy them. The immediate supervision shall indicate specific reasons for dissatisfaction and provide appropriate direction and assistance. If, at the end of two months, deficiencies still exist, the employee may be terminated. If the employee has made a sincere effort to improve performance, consideration shall be given to other jobs for which he or she may be better suited.

In case of neglect of duty, employee shall be provided with a written complaint and be required to immediately eliminate the basis for the complaint. After a second complaint for neglect of duty, no further notice shall be given. Misconduct makes an employee subject to immediate dismissal. Employees who are involuntarily terminated for other than misconduct or neglect of duty will be given prior notice and termination pay as follows....

Decisions regarding involuntary employee termination shall be made only by the Executive Director. The Division chief recommending such action shall inform the employee in advance and the employee shall have an opportunity to discuss the proposed action with both the Division Chief and the Executive Director.

An employee handbook issued in May 1982 provides: "Please be aware, however, that employment with the Research Foundation is not for any fixed period of time and may be terminated at any time."

In 1982, Leathem was promoted to the position of Assistant Vice President for Administration. In November 1983, the Foundation dismissed Leathem. Leatham claims that his discharge was without either just cause or prior notice and that the sole basis of the discharge was the Foundation's wrongful and unlawful discrimination against Leathem because of his age. The Foundation argues that Leathem was dismissed because of his complete failure to discharge his duties as evidenced by an audit conducted by the Department of Health and Human Services, and only after months of discussion and efforts to convince him to improve his performance.

Before commencing this action, Leathem filed a charge against the Foundation with the Equal Employment Opportunity Commission (the "EEOC"). On December 7, 1984, the EEOC informed the Foundation that the EEOC had "made a determination that it [would] not proceed further with its processing of [Leathem's] charge under the Age Discrimination in Employment Act (ADEA) because EEOC was unable to substantiate the allegations of discrimination." Leathem then filed this action in April 1985.

## DISCUSSION

Defendants move to dismiss the second and third counts of the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted on the grounds that New York law does not recognize a claim for breach of an implied

employment contract or for wrongful discharge.

### Wrongful Discharge

It is well settled that New York does not recognize a claim for the tort of abusive or wrongful discharge. *Bergamini v. Manhattan and Bronx Surface Transit Operating Authority*, 62 N.Y.2d 897, 478 N.Y. S.2d 857, 467 N.E.2d 521 (1984) (reaffirming *Murphy v. American Home Products Corp.*, 58 N.Y.2d 293, 461 N.Y.S.2d 232, 448 N.E.2d 86 (1983)). This is because "to do so would alter our long settled rule that when am employment is for an indefinite term it is presumed to be a hiring at will which may be freely terminated by either party at any time for any reason or even for no reason." *Murphy*, 58 N.Y.2d at 300, 461 N.Y.S.2d at 235, 448 N.E.2d at 89 (citing *Martin v. New York Life Ins. Co.*, 148 N.Y. 117, 52 N.E. 416 (1895), and *Parker v. Borock*, 5 N.Y.2d 156, 182 N.Y.S.2d 577, 156 N.E.2d 297 (1959)). The Murphy court held:

> In sum, under New York law as it now stands, absent a constitutionally impermissible purpose, a statutory proscription, or an express limitation in the individual contract of employment, an employer's right at any time to terminate an employment at will remains unimpaired.

*Murphy*, 58 N.Y.2d at 305, 461 N.Y.S.2d at 237, 448 N.E.2d at 91.

▮ Nonetheless, Leathem argues that the Foundation's discriminatory discharge of him due to his age is clearly the type of statutory proscription which the *Murphy* court recognized as a specific limitation on an employer's right to discharge an employee at will and that Leathem may maintain his wrongful discharge pursuant to both the ADEA and Section 296(1)(a) of the New York State Executive Law. Leathem's argument is not tenable. Leathem's ADEA claim is contained in the first count of his complaint. It is a federal claim based on a federal statute and cannot also serve as a basis to expand an employee's remedies under New York State common law of tort. Leathem's claim that the New York State Executive Law provides a statutory exception to the *Murphy* ruling is simply not presented in Leathem's complaint, which is based on New York State common law of tort.

Accordingly, Leathem's claim for wrongful discharge under New York State's common law of tort is dismissed in accordance with the New York Court of Appeals' holding in *Murphy v. American Home Products Corp.*, without prejudice to Leathem's resubmittal, if he can, of a claim based on Section 296(1)(a) of the New York Executive Law.

### Breach of an Implied Employment Contract

▮ The New York Court of Appeals has held that no obligation can be read into an at-will employment contract that would be inconsistent with the contract's terms.

> [I]n the case now before us, plaintiff's employment was at will, a relationship in which the law accords the employer an unfettered right to terminate the employment at any time. In the context of such an employment it would be incongruous to say that an inference may be drawn that the employer impliedly agreed to a provision which would be destructive of his right of termination. The parties may by express agreement limit or restrict the employer's right of discharge, but to imply such a limitation from the existence of an unrestricted right would be internally inconsistent. In sum, under New York law as it now stands, absent a constitutionally impermissible purpose, a statutory proscription, or an express limitation in the individual contract of employment, an employer's right at any time to terminate an employment at will remains unimpaired.

*Murphy*, 58 N.Y.2d at 304–05, 461 N.Y. S.2d at 237, 448 N.E.2d at 91.

Leathem contends that the Foundation's enactment of the 1977 Guidelines puts his claim within the Weiner exception to this rule. The *Weiner* court found that certain factors, including (1) a promise, (2) made in a writing concurrent with the job offer, (3) which was relied upon by plaintiff, when taken as a whole, could support a cause of action for breach of an express employment contract. *See Weiner v. McGraw Hill, Inc.*, 57 N.Y.2d 458, 457 N.Y.S.2d 193, 443 N.E.2d 441 (1983). These factors, how-

ever, are not present here as, even if the 1977 Guidelines were sufficient to fall within the *Weiner* exception, they "were not known to plaintiff at the time [he] began [his] employment … and therefore could not have been relied upon by plaintiff so that they might be deemed express limitations on the defendants' right to terminate [his] employment at will under *Weiner* or Murphy." *Rizzo v. International Brotherhood of Teamsters*, 109 A.D.2d 639, 641, 486 N.Y.S.2d 220, 221 (1st Dep't 1985). Furthermore, the reach of the 1977 Guidelines was limited by the 1982 Employee Handbook which explicitly cautions that employment with the Foundation "is not for any fixed period of time and may be terminated at any time."

Accordingly, Leathem's claim for breach of an implied employment contract under New York State common law is dismissed in accordance with the New York Court of Appeals' holdings in *Murphy* and *Weiner*.

### CONCLUSIONS

Leathem's second and third causes of action are dismissed, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state claims cognizable under New York law upon which relief can be granted.

SO ORDERED.