■ In the Matter of CHARLES R. TESTA, Petitioner, v CHARLES R. VALENZA, as County Attorney for the County of Monroe, Respondent.—Petition unanimously dismissed on the law without costs. Memorandum: This court lacks jurisdiction to review petitioner's termination as a county attorney because, as an exempt employee, he had no right to a hearing (Civil Service Law § 75). Petitioner's attempt to challenge his change in status from a classified to an exempt position, which occurred in May 1985, is time barred (CPLR 217). Petitioner was afforded a hearing in the event it was later determined that he was entitled to a name-clearing hearing *(see, Board of Regents v Roth,* 408 US 564). Since petitioner failed to establish that his employer publicly disseminated the charges against petitioner, he was not entitled to a name-clearing hearing *(Matter of Lentlie v Egan,* 61 NY2d 874, 876; *Matter of Lyles v Ravitch,* 101 AD2d 862, 863). Were we to reach the merits of the petition, we would find that there is substantial evidence to support the determination dismissing the petition. (Article 78 proceeding transferred by order of Supreme Court, Monroe County, Curran, J.) Present—Dillon, P. J., Denman, Balio, Lawton and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THEODORE CHURAKOS, Appellant.—Judgment unanimously affirmed. Counsel's application to withdraw granted *(see, People v Crawford,* 71 AD2d 38). (Appeal from judgment of Supreme Court, Erie County, Marshall, J.—attempted criminal mischief, third degree.) Present—Doerr, J. P., Boomer, Green and Pine, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY LOEWEL, Appellant.—Judgment unanimously affirmed. Counsel's application to withdraw granted *(see, People v Crawford,* 71 AD2d 38). (Appeal from judgment of Chautauqua County Court, Adams, J.—criminal sale of controlled substance, third degree.) Present—Callahan, J. P., Doerr, Boomer, Green and Pine, JJ.