■ In the Matter of VINCENT McCABE, Appellant, v COUNTY OF DUTCHESS et al., Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondents dated November 6, 1986, terminating the petitioner's probationary employment as an engineering aide, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (Jiudice, J.), entered March 19, 1987, which dismissed the proceeding on the merits.

Ordered that the judgment is affirmed, with costs.

On appeal, the petitioner claims that it was improper for the Supreme Court to dismiss, without a hearing, his petition which challenged his discharge as a probationary employee on the ground that the termination was made in bad faith. We disagree.

In support of their motion to dismiss the proceeding, the respondents submitted an affidavit of the respondent James Spratt, the Commissioner of the Department of Public Works, which indicated that the decision to terminate the petitioner's

employment was made after discussion with three of the petitioner's supervisors, who were apparently familiar with the petitioner's work performance. The fact that the petitioner's immediate supervisor favored the petitioner's retention "is not sufficient to raise a triable issue of fact as to the commissioner's bad faith" *(Matter of York v McGuire,* 99 AD2d 1023, 1024, *affd* 63 NY2d 760; *see, Matter of Johnson v Katz,* 68 NY2d 649). The cases of *Matter of Wilborn v Starr* (58 AD2d 785) and *Matter of Yates v Grecco* (85 AD2d 817), relied upon by the petitioner, are inapposite.

Accordingly, since no hearing on the issue of bad faith was warranted, dismissal of the proceeding was proper *(see, Matter of Johnson v Katz, supra).* Bracken, J. P., Lawrence, Kunzeman and Spatt, JJ., concur.