■ In the Matter of JOSEPH G. WHELAN, Appellant, v SAMUEL J. ROZZI, as Commissioner of Police of Nassau County, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of Police of Nassau County terminating the employment of the petitioner as a police officer in the Nassau County Police Department at the completion of his probationary term, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Christ, J.), entered July 18, 1988, which dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

It is axiomatic that a probationary employee may be discharged without a reason and without a hearing (see, Matter of York v McGuire, 63 NY2d 760). The courts will intervene only where it is shown that the discharge was made in bad faith, and therefore was arbitrary and capricious, or was due to constitutionally impermissible reasons, or was prohibited by statute or case law (see, Matter of Talamo v Murphy, 38 NY2d 637). The burden of proof is on the employee (see, Matter of Bergamini v Manhattan & Bronx Surface Tr. Operating Auth., 62 NY2d 897), and the "mere belief of bad faith" (D'Aiuto v Department of Water Resources, 51 AD2d 700, 701) or conclusory allegations will not suffice (see, Matter of Mazur v Ryan, 98 AD2d 974).

Measured against these standards, the petition herein was clearly insufficient. The petitioner conceded that he was never given a reason for the discharge, and his speculation as to what the reasons might be remained only that—mere speculation. Similarly, since no reason for the discharge was given

and none was publicly disseminated, the petitioner was not entitled to a name-clearing hearing *(see, Matter of Lentlie v Egan,* 61 NY2d 874). Mangano, J. P., Lawrence, Kooper and Balletta, JJ., concur.