■ In the Matter of EUGENE CARLO, Respondent, v CITY OF NEW YORK et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Police Commissioner, dated July 1, 1987, terminating the petitioner's employment as a probationary police officer in the New York City Police Department, the appeal, by permission, is from an order of the Supreme Court, Queens County (Di Tucci, J.), dated March 23, 1988, which, after a hearing, granted the petition to the extent that it directed the New York City Police Department to provide the petitioner with a name-clearing hearing and an opportunity to persuade it to reinstate him.

Ordered that the order is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed on the merits.

It is a well-established principle that the employment of a probationary employee may be terminated without a hearing and without specific reasons being stated therefor, and that, in the absence of bad faith, the determination will be upheld *(see, Matter of York v McGuire,* 63 NY2d 760; *Matter of Talamo v Murphy,* 38 NY2d 637; *Matter of Jessamy v Fernandes,* 145 AD2d 486; *Matter of Dozier v New York City,* 130 AD2d 128). Here, the petitioner has failed to establish that the dismissal was made in bad faith and was, therefore, arbitrary or capricious, or that it was made for a reason which is unconstitutional or violative of law *(see, Matter of Bergamini v Manhattan & Bronx Surface Tr. Operating Auth.,* 62 NY2d 897).

In addition, the petitioner has failed to establish his entitlement to a name-clearing hearing since he proffered no evidence demonstrating that charges against him have been publicly disseminated *(see, Matter of Lyles v Ravitch,* 101 AD2d 862). The mere possibility of dissemination in the future is only speculative and is insufficient to warrant a hearing *(see, Matter of Lentlie v Egan,* 61 NY2d 874; *Matter of Jessamy v Fernandes, supra).* Nor is the petitioner entitled to a hearing in an attempt to persuade the New York City Police Department to reinstate him *(see, Morrash v Strobel,* 842 F2d 64, 68; *Fiorentino v United States,* 607 F2d 963, 969, *cert denied* 444 US 1083; *see generally, Matter of Jessamy v Fernandes, supra).* Mangano, J. P., Bracken, Sullivan and Balletta, JJ., concur.