■ In the Matter of DIANE N. LaMOTTA, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent New York City Transit Authority Police Department, dated November 20, 1987, terminating the petitioner's employment as a probationary New York City Transit Police Officer, the appeal is from a judgment of the Supreme Court, Kings County (Bernstein, J.), entered November 23, 1988, which granted the petition and directed that the petitioner be reinstated as a probationary officer with full back pay.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is denied, and the proceeding is dismissed.

We find unpersuasive the petitioner's contention that her discharge as a probationary Transit Police Officer was violative of Executive Law § 296, which makes it an unlawful discriminatory practice to discharge an employee because of a disability. Pursuant to the standards for medical fitness promulgated by the Municipal Police Training Council, the presence of a seizure disorder is sufficient cause for the disqualification of a police candidate, and in order to qualify for service as a police officer, a candidate "must be seizure free for two years without medication" (9 NYCRR 6000.6 [31]). In the present case, the uncontradicted medical evidence indicates that the petitioner suffered from a seizure disorder prior to her discharge and that her disorder would have prevented her from performing her full duties until long after the date on which her probationary status was scheduled to conclude. Inasmuch as her permanent appointment to the police force

was precluded by the existence of her seizure disorder and she was medically unqualified to reasonably perform the activities involved in the position *(see,* Executive Law § 292 [21]), she is not entitled to the protection of the Human Rights Law *(see, Matter of Seitz v Suffolk County Dept. of Civ. Serv.,* 146 AD2d 631). Accordingly, the petitioner has failed to sustain her claim of discrimination based upon her disability.

As a probationary employee, the petitioner could be discharged without a hearing and without a statement of specific reasons. In the absence of evidence of bad faith or unlawful reasons for discharge, the respondents' determination will be upheld *(see, Matter of Leon v Meehan,* 67 NY2d 613; *Matter of Caminiti v New York City Tr. Auth. Police Dept.,* 125 AD2d 306). Inasmuch as the petitioner has not alleged any additional improprieties in her discharge, we find no basis for disturbing the respondents' determination. Kunzeman, J. P., Eiber, Sullivan and Rosenblatt, JJ., concur.