■ In the Matter of LEROY CONIGLAND, Respondent, v ALBERT M. ROSENBLATT, as Chief Administrative Judge of the Unified Court System of the State of New York, et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Milton L. Williams, dated July 6, 1987, which dismissed the petitioner from his position as an Associate Law Assistant, the appeal is from a judgment of the Supreme Court, Kings County (Shaw, J.), dated November 9, 1988, which granted the petition and reinstated the petitioner to his position with back pay.

Ordered that the judgment is reversed, on the law, without costs or disbursements, and the proceeding is dismissed on the merits.

The petitioner is a former Associate Law Assistant employed by the New York County Supreme Court. Effective July 8, 1987, he was dismissed from his position without a hearing pursuant to the rules of the Chief Judge. The petitioner thereafter commenced this proceeding seeking reinstatement upon the ground that, under the Civil Service Law, his status as an honorably discharged veteran entitled him to a pretermination hearing. We disagree.

Judiciary Law § 211 (1) (d) gives the Chief Judge the authority to establish Statewide standards and administrative policies concerning nonjudicial personnel, including job classifications and removal, provided that the standards and policies "shall be consistent with the civil service law" (Judiciary Law § 211 [1] [d]). Under the rules promulgated by the Chief Judge pursuant to this authority, an honorably discharged veteran

may not be removed from his position without a hearing except when the employee holds a position designated by the Chief Judge as "confidential or requiring the performance of functions influencing policy" (22 NYCRR 25.29 [a] [2]). At bar, it is undisputed that the petitioner's position has been designated as confidential.

The petitioner contends that 22 NYCRR 25.29 (a) (2) is invalid because it is inconsistent with Civil Service Law § 75 (1) (b), which provides that an honorably discharged veteran may not be removed without a hearing unless he holds the position of "private secretary, cashier or deputy of any official or department" (Civil Service Law § 75 [1] [b]). However, as the court recognized in *Matter of Goldstein v Lang* (23 AD2d 483, *revd on other grounds* 16 NY2d 735), Judiciary Law § 211 (1) (d) gives the Chief Judge the discretion and power to adapt the general principles of the Civil Service Law to the needs of the court system. The Civil Service Law contemplates that veterans in certain designated positions can be denied the pretermination hearings available to other veterans. The Chief Judge is not required to designate as positions for which no pretermination hearings are granted the identical positions that are listed in Civil Service Law § 75 (1) (b), but has the authority to apply this principle in a manner which meets the needs of the court system. Moreover, we note that confidential employees are denied pretermination hearings under Civil Service Law § 75 (1) (c). Accordingly, we conclude that 22 NYCRR 25.29 (a) (2) is consistent with the general principles of the Civil Service Law, and the petitioner was not entitled to a pretermination hearing. Since the petitioner did not have a property right to continued employment, his dismissal without a hearing did not violate his right to due process of law *(see, Bishop v Wood,* 426 US 341; *Matter of Economico v Village of Pelham,* 50 NY2d 120). Mangano, P. J., Eiber, O'Brien and Ritter, JJ., concur.