■ In the Matter of RUSSELL ABBONDANDOLO, Appellant, v TIMOTHY EDWARDS, as Chief of the City of Glen Cove Police Department, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the City of Glen Cove Police Department, effective September 15, 1989, which terminated the petitioner's employment as a probationary police trainee, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Yachnin, J.), dated May 14, 1990, which, in effect, dismissed the proceeding on the merits.

Ordered that the judgment is affirmed, with costs.

As a probationary employee, the petitioner's employment could be terminated without a hearing and without specific reasons being stated, and, in the absence of bad faith or reasons prohibited by law, the determination must be upheld *(see, Matter of Leon v Meehan,* 67 NY2d 613; *Matter of LaMotta v New York City Tr. Auth.,* 165 AD2d 875). There is ample evidence in the record supporting the determination by the City of Glen Cove Police Department. It cannot be said that the termination of his employment was made in bad faith.

"The burden of presenting legal and competent evidence to show a deprivation of petitioner's rights or bad faith or other arbitrary action constituting abuse of * * * discretion must be borne by petitioner" *(Haberman v Codd,* 48 AD2d 505, 508). That the City of Glen Cove Police Department, in making its determination, relied on the reports and opinions of those who actually supervised the petitioner, is not evidence of bad faith or that the determination was arbitrary and capricious *(see, Matter of McCabe v County of Dutchess,* 143 AD2d 670).

Moreover, the petitioner is not entitled to a name-clearing hearing, since the reasons for his dismissal have not been made public *(see, Matter of Lentlie v Egan,* 61 NY2d 874; *see also, Matter of Bergamini v Manhattan & Bronx Surface Tr. Operating Auth.,* 62 NY2d 897). Indeed, Civil Rights Law § 50-a forbids the respondents from disclosing such information, so there is no likelihood that it will be disclosed *(cf., Brandt v Board of Coop. Educ. Servs.,* 820 F2d 41).

We have examined the petitioner's remaining contentions and find them to be without merit. Kooper, J. P., Sullivan, Lawrence and Rosenblatt, JJ., concur.