■ JAMES REYNOLDS, Appellant, v MATTHEW T. CROSSON, as

Chief Administrator of the Courts, Respondent.—Order and judgment (one paper), Supreme Court, New York County (Edward H. Lehner, J.), entered March 28, 1991, which denied petitioner's application pursuant to CPLR article 78 to annul respondent's determination terminating petitioner's employment as a Senior Court Officer, and dismissed the petition, unanimously affirmed, without costs. Appeal from the order of the same court, entered July 12, 1991, which denied petitioner's motion for reargument, dismissed as non-appealable, without costs.

As petitioner's probationary status was pursuant to a disciplinary penalty and not part of the evaluation process governing newly hired, promoted or transferred employees, the provisions of section 25.22 of the Rules of the Chief Judge (22 NYCRR) do not apply. Had the parties intended section 25.22 procedures to apply, they could have incorporated such into the disciplinary settlement agreed to by petitioner with the advice of his union delegate. Nor do the Civil Service Law and the rules and regulations promulgated thereunder apply to employees of the Unified Court System (Judiciary Law § 211 [1] [d]; 22 NYCRR part 25; *see, Matter of Conigland v Rosenblatt,* 171 AD2d 864).

Absent statute or rule to the contrary, a probationary employee may be discharged without a hearing and without a statement of reasons. The courts will intervene only where it is shown that the discharge was made in bad faith or was due to constitutionally impermissible reasons, with the burden of proof on the employee *(Matter of Whelan v Rozzi,* 155 AD2d 603). Petitioner here has failed to meet that burden *(see, Matter of Dolcemaschio v City of New York,* 180 AD2d 573). Nor has petitioner shown that respondent publicly disseminated a false and defamatory impression concerning his discharge such as would warrant a name-clearing hearing *(Matter of Lentlie v Egan,* 61 NY2d 874). Concur—Rosenberger, J. P., Wallach, Asch and Kassal, JJ.