■ In the Matter of HERBERT ZARETSKY, Respondent-Appellant, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION et al., Appellants-Respondents. [601 NYS2d 290] —Order and judgment (one paper), Supreme Court, New York County (David B. Saxe, J.), entered on or about April 16, 1992, which granted the petition to the extent of remanding the matter to respondent Health and Hospitals Corporation (HHC) for a hearing as to why petitioner's continued employment by New York University Medical Center (NYU), an HHC affiliate, was not in the best interest of the public, unanimously reversed, on the law, the petition denied and the proceeding dismissed, without costs.

Where an at-will employee fails to show that his termination violated a constitutional, statutory, or contractual provision a pre-termination hearing is not required (Matter of Bergamini v Manhattan & Bronx Surface Tr. Operating Auth., 62 NY2d 897, 899). The IAS Court previously held that petitioner was an at-will employee of NYU. Petitioner had no civil service tenure or any other property right at NYU and, therefore, could be removed from that position without a hearing or even a statement of reasons. Moreover, the affiliation agreement between NYU and HHC provides that affiliate employees remain the employees of the affiliate hospital (NYU), indicating that petitioner's rights have never risen above those of an at-will employee. Petitioner cites only case law discussing probationary employees to support his contention that a pre-termination hearing was appropriate. Inasmuch as he was an at-will employee of NYU and not a probationary employee of HHC, the IAS Court erred in remanding the matter to afford petitioner a hearing to determine respondent's reasons for his termination. Concur—Carro, J. P., Wallach, Kupferman and Ross, JJ.