■ In the Matter of CLYDE E. DOOLITTLE, Appellant, v JAMES V. LETTIERE, JR., et al., Respondents. [609 NYS2d 744] — Judgment unanimously reversed on the law without costs, petition reinstated and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Petitioner appeals the dismissal of his petition in this CPLR article 78 proceeding to review a determination by respondents terminating petitioner's employment as Bridge Construction and Maintenance Supervisor at the conclusion of petitioner's probationary period. It is well settled that a probationary employee may be discharged without a hearing and without a statement of reasons. The courts will intervene only where it is shown that the discharge was made in bad faith, "with the burden of proof on the employee" (Reynolds v Crosson, 183 AD2d 482, 483; see also, Matter of Cortijo v Ward, 158 AD2d 345; De Sapio v Koehler, 158 AD2d 307; Matter of Carlo v City of New York, 156 AD2d 685, 686). The mere belief of bad faith or conclusory allegations thereof will not suffice (see, Matter of Medina v Sielaff, 182 AD2d 424, 427; Matter of Whelan v Rozzi, 155 AD2d 603).

We conclude that the evidence submitted by petitioner, consisting of his own affidavit and those of his co-workers, was sufficient to raise a question of fact on the issue of respondents' bad faith. Because respondents submitted conflicting affidavits, Supreme Court erred in summarily dismissing the petition (see, Matter of Harper v Director of Bronx Dev. Ctr., 134 AD2d 197, 199). We, therefore, remit the matter to Supreme Court for a hearing on the issue of respondents' bad faith. We have examined petitioner's remaining arguments and find them to be without merit. (Appeal from Judgment of Supreme Court, Jefferson County, Gilbert, J.—Article 78.) Present—Green, J. P., Balio, Lawton, Doerr and Boehm, JJ.