■ In the Matter of JAMES REHILL, Respondent-Appellant, v NEW YORK CITY HOUSING AUTHORITY et al., Appellants-Respondents. [612 NYS2d 834] —Order, Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), entered June 23, 1993, which, in a proceeding pursuant to CPLR article 78, to annul respondents' determination terminating petitioner's probationary appointment as a police officer, granted the application only to the extent of remanding to respondents for a name-clearing hearing, unanimously affirmed, without costs.

Petitioner submits no evidence sufficient to raise a triable issue of fact whether his termination was made in bad faith (see, Matter of York v McGuire, 63 NY2d 760; Matter of Johnson v Katz, 68 NY2d 649). The omissions in the return of which petitioner complains do not satisfy this burden (see, Matter of Cohen v Koehler, 82 NY2d 882, revg 181 AD2d 285). Respondents' judgment that petitioner's conduct was unsuitable for a police officer and warranted the penalty of dismissal is "entitled to substantial deference" (Trotta v Ward, 77 NY2d 827, 828) and does not shock one's sense of fairness. It was not error to grant petitioner a name-clearing hearing, the record showing that the circumstances of the termination were stigmatizing and rather widely disseminated. (Cf., Matter of Lentlie v Egan, 61 NY2d 874.) Concur—Carro, J. P., Wallach, Asch, Nardelli and Williams, JJ.