■ In the Matter of MICHAEL MANEL, Appellant, v ANTHONY M. MOSCA et al., Respondents. [628 NYS2d 188] —In a proceeding pursuant to CPLR article 78 to review a determination of the Westchester County Department of Public Safety, dated January 4, 1993, which resulted in the resignation of the petitioner from his employment as a police officer, the petitioner appeals

from a judgment of the Supreme Court, Westchester County (Cowhey, J.), entered October 14, 1993, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner, a probationary employee with the Westchester County Department of Public Safety, was given the choice of resigning or being discharged from his position as a police officer. The petitioner resigned. Thereafter, he commenced this proceeding seeking, *inter alia*, the annulment of his resignation.

Absent a showing of fraud, duress, coercion or other affirmative misconduct which renders a resignation involuntary, a resignation cannot be withdrawn once it has been accepted *(see, Schmitt v Hicksville UFSD No. 17*, 200 AD2d 661, 663; *Matter of Gould v Board of Educ.*, 184 AD2d 640, *revd on other grounds* 81 NY2d 446). Here, the threat of termination did not constitute duress or coercion because the respondents had a legal right to discharge the petitioner *(see, Matter of Girard v Board of Educ.*, 168 AD2d 183, 185; *Matter of Rychlick v Coughlin*, 99 AD2d 863, 864, *affd* 63 NY2d 643). A probationary employee may be terminated without a hearing and without a statement of the reasons for termination as long as the dismissal was made in good faith and was constitutional *(see, Matter of Johnson v Katz*, 68 NY2d 649, 650; *Matter of York v McGuire*, 63 NY2d 760; *Murphy v Town of Southampton*, 168 AD2d 545, 546-547). Here, the evidence established that the determination to discharge the petitioner was based on his unsatisfactory performance. Because the determination was made in good faith, the respondents had the legal right to terminate the petitioner *(see, Matter of Johnson v Katz, supra; Matter of York v McGuire*, 99 AD2d 1023, *affd* 63 NY2d 760, *supra).* Therefore, the petitioner's resignation was not coerced and may not be withdrawn *(see, Matter of Girard v Board of Educ., supra; Matter of Rychlick v Coughlin, supra).*

Since the petitioner resigned, he was not entitled to written notification of termination pursuant to Westchester County Civil Service Rule 11.1 (e). Pizzuto, J. P., Hart, Friedmann and Florio, JJ., concur.