■ In the Matter of ROBERT GREEN, JR., Appellant, v NEW YORK CITY POLICE DEPARTMENT et al., Respondents. [653 NYS2d 26] —In a proceeding pursuant to CPLR article 78 to compel the respondents to reinstate the petitioner as a New York City Police Officer, award him back pay, and provide a name-clearing hearing, the petitioner appeals from a judgment of the Supreme Court, Kings County (Barasch, J.), entered November 22, 1995, which dismissed the petition.

Ordered that the judgment is affirmed, with costs.

During his tenure as a police officer, the petitioner was placed on probation pursuant to a stipulated agreement in which he pleaded nolo contendere to Police Department charges that he recklessly operated his private vehicle while off-duty. Before his probationary period expired, however, an assault charge was brought against the petitioner by his former girlfriend. The respondents arrested the petitioner and dismissed him from employment. Subsequently, the assault charge was withdrawn.

The petitioner's contention that he was unlawfully discharged is without merit. As a probationary employee, the petitioner could have been dismissed without a hearing or statement of reasons in the absence of a demonstration that the termination was in bad faith, due to constitutionally impermissible reasons, or prohibited by statute or case law (see, Matter of York v McGuire, 63 NY2d 760, 761; Matter of Manel v Mosca, 216 AD2d 468; Reynolds v Crosson, 183 AD2d 482, 483). The petitioner has proffered no evidence that satisfies his burden of proving wrongful discharge (see, Matter of Dolcemaschio v City of New York, 180 AD2d 573).

The petitioner's request for a name-clearing hearing was untimely since it was made after the expiration of the four-month Statute of Limitations (see, CPLR 217). In any event, the petitioner has failed to establish his entitlement to a name-clearing hearing since he did not demonstrate that the respondents publicly disclosed false and stigmatizing reasons for his discharge (see, Matter of Lentlie v Egan, 61 NY2d 874; Matter of Leon v Meehan, 112 AD2d 935, affd 67 NY2d 613). Ritter, J. P., Thompson, Friedmann and McGinity, JJ., concur.