■ In the Matter of LENNARD BASS, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [654 NYS2d 617] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent New York City Transit Authority, dated April 20, 1995, terminating the petitioner's employment as a probationary Bus Operator, the appeal is from an order of the Supreme Court, Kings County (Kramer, J.), dated February 13, 1996, which granted the petition to the extent of annulling the penalty imposed and remitting the matter to the respondent for imposition of an appropriate penalty.

Ordered that on the Court's own motion, the appellant's notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (*see,* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed on the merits.

A probationary employee may be terminated without a hearing and without a statement of reasons in the absence of a showing that the termination was for a constitutionally impermissible purpose, in bad faith, or in violation of statutory or decisional law (*see, Matter of York v McGuire,* 63 NY2d 760, 761; *Matter of Manel v Mosca,* 216 AD2d 468; *Reynolds v Crosson,* 183 AD2d 482, 483; *Matter of Phillips v Kiepper,* 236 AD2d 542 [decided herewith]).

The petitioner, who bears the burden of establishing that his dismissal was improper (*see, Matter of Dolcemaschio v City of New York,* 180 AD2d 573), has failed to meet his burden. Accordingly, the petition is denied and the proceeding is dismissed on the merits. Rosenblatt, J. P., Ritter, Copertino and Krausman, JJ., concur.