■ In the Matter of DONALD M. SINDONA, Appellant, v THOMAS F. DUGAN et al., Respondents. [677 NYS2d 180] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Yonkers Municipal Civil Service Commission, dated September 5, 1996, which directed that the petitioner be discharged from the position of Building Superintendent with the Yonkers Municipal Housing Authority, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Rosato, J.), entered July 31, 1997, which dismissed the petition.

Ordered that the judgment is affirmed, with costs.

Contrary to the petitioner's contention, he was not entitled to a predischarge hearing or a postdischarge administrative review. "As a probationary employee, the petitioner's employment could be terminated without a hearing and without specific reasons being stated, and, in absence of bad faith or reasons prohibited by law, the determination must be upheld" (*Matter of Abbondandolo v Edwards*, 174 AD2d 737, citing *Matter of Leon v Meehan*, 67 NY2d 613; *Matter of LaMotta v New York City Tr. Auth.*, 165 AD2d 875). Accordingly, the petitioner was not denied due process as a result of the Yonkers Municipal Civil Service Commission directing that he be discharged from the position of Building Supervisor prior to the expiration of his probationary term.

There is no evidence in the record that either the Yonkers Municipal Housing Authority or the Yonkers Municipal Civil Service Commission created and disseminated a false and defamatory impression about the petitioner in connection with his discharge. Accordingly, the petitioner is not entitled to a name-clearing hearing (*see, Matter of Lentlie v Egan*, 61 NY2d 874).

The petitioner's remaining contentions are without merit. O'Brien, J. P., Santucci, Joy and Friedmann, JJ., concur.