Judgment, Supreme Court, New York County (Manuel J. Mendez, J), entered May 31, 2012, which denied the petition seeking, inter alia, to annul respondent’s determination, dated June 1, 2011, terminating petitioner’s employment with the New York State Unified Court System (UCS), granted respondent’s cross motion to dismiss the petition, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Petitioner was terminated from his position of Senior Law Librarian at New York County Surrogate’s Court as part of a workforce reduction in the UCS. Respondent’s determination that petitioner did not qualify for the “legal and secretarial employees providing services directly to judges” exception to the reduction, was based upon an interpretation of its own guidelines and was not arbitrary and capricious, or irrational (see Matter of Saur v Director of Creedmoor Psychiatric Ctr., 41 NY2d 1023 [1977]). Petitioner’s title of Senior Law Librarian did not place him in the category of personnel directly assigned to, and serving at the pleasure of, the judges (compare 22 NYCRR 25.11 and Judiciary Law § 36).
After determining that petitioner was not exempt from the workforce reduction, respondent calculated his seniority based solely upon his years of service for the UCS. The rule (22 NYCRR 25.30 [a]) providing that personnel be reduced “in inverse order of original appointment on a permanent basis in the classified service of the [UCS],” was promulgated pursuant to the authority vested in the Chief Judge (Judiciary Law § 211 [1] [d]). Judiciary Law § 211 (1) (d)’s directive that the administrative standards imposed by the Chief Judge “be consistent with the civil service law,” requires only that they be guided, not governed, by it (see Reynolds v Crosson, 183 AD2d 482 [1st Dept 1992]; Matter of Conigland v Rosenblatt, 171 *651 AD2d 864 [2d Dept 1991]; Matter of Goldstein v Lang, 23 AD2d 483, 485-486 [1st Dept 1965, Stevens and Steuer, JJ., dissenting], revd on dissenting op 16 NY2d 735 [1965]). Since 22 NYCRR 25.30’s provision that personnel be reduced “in inverse order of original appointment on a permanent basis in the classified service of the [UCS],” is consistent with Civil Service Law § 80 (l)’s requirement that employees be given a preference based upon the length of their service, its enactment was within the judiciary’s authority of self-governance in administrative matters (see Matter of Bellacosa v Classification Review Bd. of Unified Ct. Sys. of State of N.Y., 72 NY2d 383, 388 [1988]; Corkum v Bartlett, 46 NY2d 424, 429 [1979]).
We have considered petitioner’s remaining arguments and find them unavailing. Concur — Renwick, J.P., DeGrasse, Feinman and Gische, JJ.