■ In the Matter of JOCELYN CRUZ et al., Respondents, v NEW YORK STATE UNIFIED COURT SYSTEM et al., Appellants. [990 NYS2d 633]—

In a proceeding pursuant to CPLR article 78, inter alia, to review two determinations of the New York State Unified Court System and New York State Office of Court Administration dated April 3, 2012, and April 5, 2012, respectively, displacing the petitioner John Ferguson and the petitioner Jocelyn Cruz from their positions of employment, the appeal is from a judgment of the Supreme Court, Nassau County (Cozzens, Jr., J.), entered October 1, 2012, which, upon an order of the same court dated June 27, 2012, denying the motion of the New York State Unified Court System and New York State Office of Court Administration to dismiss the petition, in effect, granted those branches of the petition which were to annul the determinations and to permanently enjoin the displacement of both of the individual petitioners from their positions of employment.

Ordered that the judgment is modified, on the law, by deleting the provisions thereof, in effect, granting those branches of the petition which were to annul the determination dated April 3, 2012, displacing the petitioner John Ferguson from his position of employment and to permanently enjoin the displacement of both of the individual petitioners from their positions of employment, and substituting therefor provisions denying those branches of the petition and dismissing so much of the proceeding as sought to annul the determination dated April 3, 2012, and to permanently enjoin the displacement of both of the individual petitioners from their positions of employment; as so modified, the judgment is affirmed, with costs to the appellants.

The individual petitioners are employees of the New York State Unified Court System (hereinafter the UCS), hired and promoted to their positions, respectively, on a contingent per-

manent basis. On April 3, 2012, the petitioner John Ferguson received notice that he was going to be displaced from his position as Associate Court Clerk, replaced by someone on a preferred list, and returned to a lower-titled permanent position as Senior Court Clerk. On April 5, 2012, the petitioner Jocelyn Cruz received notice that she was going to be displaced from her position as a Court Office Assistant, and replaced by someone from a preferred list.

The petitioners commenced this proceeding pursuant to CPLR article 78 to review these adverse employment determinations. The petition further sought injunctive relief, based upon the petitioners' contention that their appointments had matured into permanent positions. The UCS and the New York State Office of Court Administration (hereinafter together the UCS respondents) moved to dismiss the petition, arguing that the determinations were made in accordance with valid Rules of the Chief Judge of the State of New York (hereinafter the Chief Judge) that govern employment with the UCS. In an order dated June 27, 2012, the Supreme Court denied the motion. In a judgment entered October 1, 2012, the court determined that the adverse employment determinations were arbitrary and capricious and, in effect, granted those branches of the petition which were to annul the determinations and to permanently enjoin the displacement of the two individual petitioners from their positions of employment.

The Chief Judge has plenary constitutional authority over the administration of the UCS (*see* NY Const, art VI, § 28; *Matter of Met Council v Crosson*, 84 NY2d 328, 334-335 [1994]). Judiciary Law § 211 (1) (d) gives the Chief Judge the authority to establish statewide standards and administrative policies concerning nonjudicial personnel, including job classifications and removal, provided that the standards and policies "shall be consistent with the civil service law" (Judiciary Law § 211 [1] [d]; *see Matter of Conigland v Rosenblatt*, 171 AD2d 864 [1991]). Under the rules promulgated by the Chief Judge, positions left temporarily vacant by the leave of absence of the permanent incumbent may be filled on a contingent permanent basis (*see* 22 NYCRR 25.24 [a], [d]). When the permanent incumbent's encumbrance on the position, i.e., his or her right to return to that position, expires due to the attainment by the permanent incumbent of nonprobationary, permanent status in a higher title (*see* 22 NYCRR 25.22 [d]; 25.24 [b] [1]), the position then held by the contingent permanent appointee becomes permanently vacant and subject to being permanently filled pursuant to the Rules of the Chief Judge (*see* 22 NYCRR 25.24 [b] [8]; 25.31 [a] [1]). The

Rules of the Chief Judge require that such a permanent vacancy be filled first by reference to an applicable preferred list (*see* 22 NYCRR 25.24 [c]; 25.31 [a] [1]). The Chief Administrator of the Courts is required to establish statewide preferred lists of the names of those persons who have been demoted or suspended, including those who were demoted or suspended by virtue of a workforce reduction in June 2011 (*see* 22 NYCRR 25.31 [a] [1]). If, however, no preferred list exists for a particular position, then any permanent vacancy in that position is to be filled in accordance with 22 NYCRR 25.24 (b) (8), which provides for the selection "of one of such employees of the promotion unit having such contingent permanent status in such position or a similar position," provided that, if the eligible list from which the employee acquired the contingent permanent position is still in existence, the employee is then eligible for permanent appointment or promotion from such list.

Accordingly, contrary to the individual petitioners' contention, their contingent permanent appointments did not mature into permanent appointments by virtue of their completion of probation or the positions becoming unencumbered. Moreover, the use of statewide preferred lists to fill permanently vacant positions is not arbitrary and capricious, even where such use results in the displacement of contingent permanent appointees who were not themselves subject to the workforce reduction (*see* 22 NYCRR 25.30 [d]; *Matter of Roberts v Gavin*, 96 AD3d 669, 672 [2012]; *Matter of Terrace Ct., LLC v New York State Div. of Hous. & Community Renewal*, 79 AD3d 630, 635-636 [2010], *affd* 18 NY3d 446 [2012]).

Specifically, the UCS's actions with regard to Ferguson were in compliance with the Rules of the Chief Judge, as the expiration of the permanent incumbent's encumbrance created a permanent vacancy subject to being lawfully filled (*see* 22 NYCRR 25.24 [c]; 25.31 [a] [1]). Accordingly, as to Ferguson, the Supreme Court erred in annulling the adverse employment determination and in permanently enjoining his displacement from the subject position.

As to Cruz, the UCS concedes that the termination notice dated April 5, 2012, was sent to her in error since the relevant employment position had not yet become unencumbered, and since application of the Rules of the Chief Judge might indeed result in her permanent appointment. Accordingly, the Supreme Court properly granted that branch of the petition which was to annul the determination dated April 5, 2012, displacing Cruz from her position of employment. However, the Supreme Court erred in permanently enjoining her displacement from the posi-

tion. Cruz holds her position on a contingent permanent basis (*see* 22 NYCRR 25.24 [d]). Since the record reveals that, during the pendency of this proceeding, the position became unencumbered, and no preferred list exists for the position, the position must be filled permanently from the existing regular eligible list, in accordance with 22 NYCRR 25.24 (b) (8).

The petitioners' remaining contentions are without merit. Rivera, J.P., Balkin, Dickerson and Cohen, JJ., concur.