■ SARA RIZZO, Respondent, v INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL 237, et al., Appellants. — Order, Supreme Court, New York County (Arthur E. Blyn, J.), entered May 23, 1984, reversed, to the extent appealed from, on the law, without

costs, defendants' motion for summary judgment dismissing plaintiff's fourth cause of action alleging breach of an implied covenant of good-faith performance in an at-will employment contract is granted, and the complaint is dismissed. The appeal by defendant International Brotherhood of Teamsters, Local 237, from the order insofar as it denied that party's motion to dismiss on the ground that it is not a proper party to the action, is dismissed, without costs, as academic.

On March 23, 1981 plaintiff was hired, without a written contract and for an indefinite period, as secretary to defendant Maggie Drezin, the director of the International Brotherhood of Teamsters, Local 237 Retirees' Benefit Fund. In February 1982 Ms. Drezin advised plaintiff that her employment was to be terminated for purposes of office reorganization, and on March 12, 1982 plaintiff was discharged with one week's salary and one week's vacation pay.

In July 1983 plaintiff commenced an action against Local 237 and Ms. Drezin, alleging that plaintiff had actually been discharged for spreading rumors about a romantic involvement between Ms. Drezin and an officer of Local 237, a charge that plaintiff claims was false. The complaint stated five causes of action: the first alleging a denial of due process in that she was denied a hearing, the second for intentional infliction of emotional distress, the third for prima facie tort, the fourth for breach of an implied covenant of good-faith performance under contract, and the fifth for wrongful discharge.

Special Term granted defendants' motion for summary judgment dismissing each of the aforesaid causes of action except the fourth. The motion was denied as to the fourth cause of action without prejudice to bringing a new motion for summary judgment dismissing that cause of action upon completion of discovery proceedings. Special Term reasoned that plaintiff should have an opportunity to examine any codified personnel policies of her employer so that she might demonstrate that her employment was governed by principles set forth in *Weiner v McGraw-Hill, Inc.* (57 NY2d 458). For reasons that follow we conclude that defendants' motion to dismiss the fourth cause of action should have been granted, and the complaint dismissed.

In *Weiner* (*supra*, p 460), the Court of Appeals undertook to decide whether, in the circumstances of that case "the plaintiff, though not engaged for a fixed term of employment, pleaded a good cause of action for breach of contract against his employer because, allegedly, he was discharged without the 'just and sufficient cause' or the rehabilitative efforts specified in the employer's personnel handbook *and allegedly promised at the*

*time he accepted the employment.*" (Emphasis added.) The operative facts in that case, which the court stated "deserve emphasis" (p 460), are as follows: (1) the employee was induced to leave his prior job upon the assurance that his employment was subject to the employer's " 'handbook on personnel policies and procedures' " and that he would not be discharged without just cause, (2) this assurance was incorporated into the employment application drafted by the employer and signed by the employee, (3) the employee rejected other offers of employment in reliance on this written assurance, (4) the employee was subsequently told by his superiors during the course of his employment that he had to proceed in accordance with the strict procedures set forth in the handbook if he wished to dismiss a subordinate, and (5) the handbook provided that the company would " 'resort to dismissal for just and sufficient cause only, and only after all practical steps toward rehabilitation or salvage of the employee have been taken and failed.' " Taking all the aforesaid factors into consideration, the court found sufficient evidence of a contract and a breach to sustain a cause of action.

In *Murphy v American Home Prods. Corp.* (58 NY2d 293, 305), the Court of Appeals reaffirmed the long-standing rule in New York that "absent a constitutionally impermissible purpose, a statutory proscription, or an express limitation in the individual contract of employment, an employer's right at any time to terminate an employment at will remains unimpaired." The court explicitly rejected as incongruous and inconsistent with the employer's otherwise unfettered right of termination of an at-will employee any *implied* obligation on the part of the employer "to deal with his employees fairly and in good faith" (58 NY2d, at p 304). It is precisely such an implied covenant that plaintiff in this case has alleged as the basis of her fourth cause of action.

In opposition to defendants' motion for summary judgment plaintiff claimed that through further discovery she expected to "bring to light personnel policies in codified form, such as employment guidelines, employment manuals and the like, which would give rise to the protections afforded the plaintiff in *Weiner v McGraw-Hill, Inc.,* 57 NY2d 458". Quite aside from defendants' sworn assertion that no such personnel manual or writing exists that is applicable to plaintiff, it is clear from the pleadings and motion papers that even if such materials were ultimately found to exist, they were not known to plaintiff at the time she began her employment, nor indeed thereafter, and therefore could not have been relied upon by plaintiff so that they might be deemed express limitations on the defendants'

right to terminate her employment at will under *Weiner* or *Murphy* (*supra*). (*See, Patrowich v Chemical Bank,* 98 AD2d 318, 323, *affd* 63 NY2d 541; *Gould v Community Health Plan,* 99 AD2d 479.) We accordingly reverse Special Term's order insofar as it denied, without prejudice to renewal after completion of discovery, defendants' motion to dismiss plaintiff's fourth cause of action, and dismiss as academic the appeal from that order insofar as it denied the motion by Local 237 to dismiss the complaint on the ground that it is not a proper party. Concur — Sandler, J. P., Carro, Milonas and Kassal, JJ.