**Samuel J. FALCONE**

v.

**COLUMBIA PICTURES INDUSTRIES, INC.**

**Appeal of Samuel J. FALCONE.**

No. 86–5209.

United States Court of Appeals, Third Circuit.

Argued Sept. 19, 1986.

Decided Nov. 13, 1986.

David R. Simon (argued), Andrew Muscato, Simon & Allen, Newark, N.J., for appellant.

Ronald M. Green, Robert Jauvtis (argued), Patrick Westerkamp, Epstein Becker Borsody & Green, P.C., New York City, for appellee.

Before SEITZ, SLOVITER, and ROSENN, Circuit Judges.

## OPINION OF THE COURT

ROSENN, Circuit Judge.

This appeal once again calls upon us to decide whether and under what circumstances an employer's right to dismiss an "at will" employee is limited by a requirement that the employer follow certain procedures before terminating employment. The district court granted the employer's motion for summary judgment, orally holding that because the employer made no oral or written representations at the time of hiring limiting its right to dismiss, plaintiff's claim failed to set forth a cause of action. We affirm.[1]

### I.

Samuel J. Falcone was first hired by Columbia Pictures Industries, Inc. (Columbia) in March 1976 to work at its Music Publications Division in Hialeah, Florida. At that division Falcone was the business manager and controller, and as such was responsible for not only the financial affairs of the division, but for handling personnel matters as well. In this latter capacity Falcone reported to both the Corporate Personnel Director of Columbia and the President of the division.

In opposition to Columbia's motion for summary judgment, Falcone asserted that at the "inception" of his employment in March 1976, he was advised orally that it was Columbia's policy and practice before terminating an employee to first give an oral warning to the employee with respect to the problem requiring improvement, and to then give a second warning in writing with a copy to the personnel file of the individual, and finally to terminate the employee if necessary after allowing thirty days for improvement. Falcone conceded before the district court, however, and again before this court, that he was not so advised on the day he was hired but "within the first week of his employment." Falcone further averred that he and other managers, department heads, and supervisors at Columbia administered this "warnings" policy in connection with employees whom they supervised. Falcone did not know, however, of any written policy at the time he was hired.

In September 1981 Columbia promoted Falcone to the position of Controller of its International Pictures division headquartered in New York City. Here he reported to Peter C. Kells, the Senior Vice President of Finance and Administration at Columbia. In connection with this appointment Falcone received an increase in his base salary, and moved himself and his family from Florida to New Jersey.

In January 1982 Columbia issued a Personnel Policy Manual. This manual of restricted circulation was "designed to assist Executives, Department Heads, and managers in communicating and implementing Company personnel policy," and was apparently available only for inspection by, and not distribution to, other Columbia employees. The manual does not appear to discuss termination other than to provide for termination pay in the event of retirement, voluntary termination, or involuntary termination for other than just cause.

---

1. The district court exercised jurisdiction pursuant to 28 U.S.C. § 1332 (1982) (diversity of citizenship) and applied New York law. The plaintiff initially filed suit in the New Jersey State Court seeking damages for wrongful discharge.

The defendant removed the action to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §§ 1441 and 1446. This court has jurisdiction pursuant to § 1291 (final judgment of the district court).

In April 1982 Columbia distributed and Falcone received a copy of a booklet entitled "The Company You Have Joined." The booklet contained a section on termination which provided that before dismissal the supervisor would meet with the employee to attempt to resolve the problem, give the employee a chance to improve, and, if necessary, "after sufficient warnings," discuss with the employee the reasons for the termination. It also provided that if any conflicts existed between the booklet and "applicable legal documents," the latter would govern.

On or about August 17, 1982, Columbia notified Falcone that they were terminating his employment and giving him five months severance pay. Falcone asserts that the procedures in Columbia's booklet were not followed, and that the only reason Kells gave for Falcone's termination was that his assignment to the International Pictures division "just hasn't worked out."

After Columbia filed its answer to the complaint a United States Magistate scheduled a conference at which, over Falcone's objection, the magistrate stayed the depositions which had been noticed by Falcone, as well as requests for documents and interrogatories which had already been served. Falcone alleges that the Magistrate entered this order based upon Columbia's promise that it would stipulate that it did not follow the dismissal procedure alleged by Falcone; however, Columbia denies having agreed to so stipulate. Falcone made further discovery requests and when these were not complied with, the Magistrate determined that Columbia could withhold compliance pending the outcome of defendant's summary judgment motion.

On February 24, 1986, the district court ruled against Falcone on Columbia's motion for summary judgment. The court found that because Falcone failed to present any evidence that he relied upon the company's alleged oral and written representations when he accepted employment, he did not come within New York's narrow limitation on an employer's ability to terminate an at will employee as set forth in *Weiner v. McGraw-Hill, Inc.*, 57 N.Y.2d 458, 443 N.E.2d 441, 457 N.Y.S.2d 193 (1982).

## II.

■ On appeal, Falcone argues that the district court erred in its award of summary judgment against him because it improperly read *Weiner* as requiring the satisfaction of a four part test. Rather, argues Falcone, *Weiner* requires the enforcement of an employer's oral or written promise to limit its right to dismiss an at will employee whenever the employee *in any way* relies upon the employer's promise. According to Falcone, he relied upon Columbia's alleged promises by continuing his employment and by moving himself and his family from Florida to New Jersey.[2]

The Supreme Court has recently set forth the appropriate standard of review in a case in which the district court has awarded summary judgment:

Under Rule 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as

---

**2.** Falcone also argues that the district court erred in entertaining Columbia's motion for summary judgment without affording him the opportunity for discovery; however, this claim cannot succeed as Falcone has failed to comply with the requirements of Fed.R.Civ.P. 56(f), which provides that discovery may be had "[s]hould it appear from the affidavits of a party opposing the motion [for summary judgment] that he cannot for reasons stated present by affidavit facts essential to justify the opposition." Most courts that have considered Fed.R. Civ.P. 56(f) "agree that filing an affidavit [there-

under] is necessary for the preservation of a . . . contention that summary judgment should be delayed pending further discovery." *Mid-South Grizzlies v. National Football League*, 720 F.2d 772, 780 n. 4 (3d Cir.1983), *cert. denied*, 467 U.S. 1215, 104 S.Ct. 2657, 81 L.Ed.2d 364 (1984). *See, e.g., Gray v. Udevitz*, 656 F.2d 588, 592 (10th Cir.1981); *Thi-Hawaii v. First Commerce Financial Corp.*, 627 F.2d 991, 994 (9th Cir.1980). Therefore, as Falcone has not filed a Rule 56(f) affidavit, he has not preserved his objection to his alleged inability to obtain necessary discovery.

a matter of law." In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.... The moving party is "entitled to judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

*Celotex Corp. v. Catrett,* — U.S. —, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). *See Anderson v. Liberty Lobby, Inc.,* — U.S. —, 106 S.Ct. 2505, 2509–12, 91 L.Ed.2d 202 (1986). Thus, we review the record to determine whether the district court properly concluded that Falcone failed to establish an essential element of his case. *See Goodman v. Mead Johnson & Co.,* 534 F.2d 566, 573 (3d Cir.1976), *cert. denied,* 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977) ("On review the appellate court is required to apply the same test the district court should have utilized initially.").

It is undisputed that New York law governs. As a federal court sitting in diversity, we are "not free to follow our own inclination as to the manner in which the common law should develop...." *Bruffett v. Warner Communications, Inc.,* 692 F.2d 910, 918 (3d Cir.1982). Rather we must apply the law as it has been developed by the New York courts. *Novosel v. Nationwide Ins. Co.,* 721 F.2d 894, 897 (3d Cir.1983). New York has long held that employment for an indefinite term is terminable at the will of either party at any time, for any reason, or for no reason at all. *See, e.g., Parker v. Borock,* 5 N.Y.2d 156, 159, 156 N.E.2d 297, 298, 182 N.Y.S.2d 577, 579 (1959). This rule was recently reaffirmed by the New York Court of Appeals in *Murphy v. American Home Products Corp.,* 58 N.Y.2d 293, 305, 448 N.E.2d 86, 91, 461 N.Y.S.2d 232, 237 (1983), subject to "a constitutionally impermissible pur-

pose, a statutory proscription, or an express limitation in the individual contract of employment...." At issue in the instant matter is the existence of an express limitation in the individual contract of employment.

In *Weiner v. McGraw-Hill, Inc., supra,* the court of appeals gave effect to an express limitation which stated that the employer could not fire an employee absent just cause or rehabilitative efforts where (1) the employee was induced to leave his prior job with the assurance that he would not be dismissed without just cause; (2) the assurance was incorporated into the employment application; (3) the employee had rejected other offers of employment in reliance on the assurance; and (4) the personnel manual involved expressly stated that dismissal would be only for just cause and only after rehabilitation efforts had failed. *Id.,* 57 N.Y.2d at 465–66, 443 N.E.2d at 445, 457 N.Y.S.2d at 197. However, as Falcone correctly points out, the four factors relied upon in *Weiner* do not constitute a strict test which must be met in every instance. *Lapidus v. New York State Association for Retarded Children, Inc.,* 118 A.D.2d 122, 504 N.Y.S.2d 629, 632 (1st Dep't 1986). Rather, the Second Circuit has interpreted *Weiner* to stand "for the proposition that the merits of a claim alleging breach of an employment contract are not to be determined by application of a formula or checklist; instead, the totality of the facts giving rise to the claim must be considered." *Gorrill v. Icelandair/Flugleidir,* 761 F.2d 847, 853 (2d Cir.1985). Nevertheless, even under a totality of the facts test *Weiner* does require *some* recognized form of reliance in consideration for the employer's alleged oral and written promises, and as the district court in the instant case correctly found, "whether the four tests of Weiner [are] talismatic" or not, Falcone has failed to demonstrate any evidence that he relied in any legally recognized way upon his employer's alleged promises.

■ Falcone argues that reliance can be found in his move from Florida to New

York; however, under New York law this would not appear to be the case unless the employee can demonstrate that he would not have moved absent the employer's promise not to terminate without warning, cause, or a fixed term of employment. In *Hager v. Union Carbide Corp.*, 106 A.D.2d 348, 483 N.Y.S.2d 261 (1st Dep't 1984), the court specifically rejected an argument by the dissent that plaintiff's move from New York City to Danbury, Connecticut, constituted sufficient reliance to support a limitation on the employer's right to terminate an at will employee. Rather, the court stated that where there is no allegation of a promise, either express or implied, that employment should continue for a period of time that is either definite or capable of being determined, there is "no more than an 'employment at will' which in our state is terminable at any time, by either party." *Hager*, 483 N.Y.S.2d at 261. The court recently reiterated this rule in *Sabetay v. Sterling Drug Inc.*, 114 A.D.2d 6, 497 N.Y. S.2d 655 (1st Dep't 1986), wherein it stated that "not even an employee's commitment to relocate and his subsequent move with his family from New York City to Connecticut constitutes a sufficient predicate upon which to base an agreement not to terminate an at-will employment." *Id.* at 8, 497 N.Y.S.2d at 657. Therefore we reject plaintiff's argument that his move from Florida to New York constituted sufficient consideration to bind his employer to the alleged promise not to terminate his employment without first giving him certain warnings and time to rehabilitate himself, because there is no evidence that plaintiff would not have accepted the promotion absent that promise.[3] *See Abel v. Bonfanti*, 625 F.Supp. 263, 271–72 (S.D.N.Y.1985) (employee withdrew resignation in reliance on employer's express promise not to terminate him except for cause). *See also Patrowich v. Chemical Bank*, 98 A.D.2d 318, 470 N.Y.S.2d 599, 603 (1st Dep't 1984)

(plaintiff's "conclusory statements as to reliance cannot defeat a motion for summary judgment.").

■ We similarly reject plaintiff's argument that his continued employment constituted sufficient consideration. In *Weiner*, the court held that the plaintiff "pleaded a good cause of action for breach of contract against his employer because, allegedly, he was discharged without the 'just and sufficient cause' or the rehabilitative efforts specified in the employer's personnel handbook *and allegedly promised at the time he accepted the employment.*" *Id.* 57 N.Y.2d at 460, 443 N.E.2d at 442, 457 N.Y. S.2d at 194 (emphasis added). Similarly, in *Leahy v. Federal Express Corp.*, 609 F.Supp. 668 (E.D.N.Y.1985), the court held that "it [is] possible for an employer to bind itself ... assuming that the employee relied on the promises *when he accepted employment,*" *id.* at 670 (emphasis added), and in *Rizzo v. International Bhd. of Teamsters*, 109 A.D.2d 639, 486 N.Y.S.2d 220 (1st Dep't 1985), the court held that even if personnel policies in codified form or employment manuals which would give rise to the protections claimed by the discharged employee could be uncovered through discovery, "they were not known to plaintiff *at the time she began her employment,*" *id.*, 486 N.Y.S.2d at 221 (emphasis added). This is not a case where plaintiff threatened to resign if the alleged promises were not made, *see Abel v. Bonfanti, supra,* and the alleged promises were not made until *after* employment had been accepted. Therefore, even viewing plaintiff's claim under the "totality of the circumstances," we find that that test is not met because there is no evidence whatsoever of reliance sufficient to support Falcone's claim that he could not be terminated at the will of his employer. *See Lapidus*, 504 N.Y.S.2d at 632.

**3.** At most, plaintiff was entitled to some undetermined amount of time to correct a deficiency which plaintiff has not alleged constituted the basis for the termination. Since plaintiff has failed to show or allege how much additional time he would have remained as an employee, or that he could have rehabilitated himself, he has failed to make a claim even under his own theory of the promise.

### III.

■ We conclude that under New York law an express limitation on the employer's right to terminate an at will employee will not be binding unless the employee relies on the limitation in some legally recognized way. Such reliance is ordinarily found in the terms and acceptance of employment. It may also be found where an employee moves or continues employment in reliance upon a limitation of the right to terminate at will if the employee can demonstrate that he would not have moved or continued his employment absent such a promise. No such demonstration has been made in this case.

Accordingly, the judgment of the district court will be affirmed.