■ MIGNON FURMAN, Appellant, v DAVID WATCHMAN et al., Respondents. [645 NYS2d 788] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered July 20, 1995, which granted defendants' motion to dismiss the complaint for failure to state a cause of action, unanimously modified, on the law, to deny the motion to dismiss the second cause of action for unjust enrichment, that cause of action reinstated, and otherwise affirmed, without costs.

Plaintiff's first cause of action, alleging that defendant Royal Academy of Dancing ("Academy") had breached an employment contract upon her termination by firing her without "just cause", was properly dismissed, since plaintiff failed to plead in the complaint or assert in her affidavit in opposition to the motion any facts that would show she was other than an employee at will who was subject to termination at any time for any reason or no reason (*see, Sabetay v Sterling Drug*, 69 NY2d 329, 333).

Nor did the IAS Court err in dismissing plaintiff's third cause of action, alleging that she had been libeled by a letter written to members of the Academy by defendant Watchman. The statements in the letter are not capable of being found to be libelous per se, since they are not reasonably susceptible of a defamatory connotation (*Weiner v Doubleday & Co.*, 74 NY2d 586, 592, *cert denied* 495 US 930).

However, as to plaintiff's second cause of action, for unjust enrichment based on her allegation that defendants failed to pay her commissions for income she generated for the Academy by organizing courses, we find that the allegations set forth do state a cause of action. Plaintiff clearly alleged that the parties' agreement employing her in an administrative capacity did not require her to organize courses, and that it was the understanding of both parties that, were she to organize courses and make them profitable, she would be entitled to a commission above and beyond her administrative salary. She further alleged that she did organize profitable courses. None of the documentary evidence submitted by defendant

refutes this allegation. The brief letter memorializing the basic terms of plaintiff's employment as an administrator does not establish that the parties entered into any agreement one way or the other concerning whether plaintiff would be entitled to earn such commissions in addition to the salary and other benefits which she was earning for administrative duties (*cf., Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.*, 70 NY2d 382, 388-389; *Robinson v Munn*, 238 NY 40, 43). Indeed, the documentary evidence, which includes a number of letters and faxes exchanged between the parties before plaintiff was hired, indicates that defendants considered the organizing of courses to be outside the scope of plaintiff's administrative duties and that they appeared to be amenable to plaintiff's earning such additional commissions. Under these circumstances, plaintiff's second cause of action was improperly dismissed. Concur— Sullivan, J. P., Rosenberger, Ellerin and Mazzarelli, JJ.