**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 11-3844 & 11-4361
_____

RYAN SHAFIK; ROCKWOOD STRATEGIES, LP;
ANDREW EMERICK,
Appellants in No. 11-4361

v.

JOHN F. CURRAN III,
Appellant in No. 11-3844

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 09-cv-02469)
Magistrate Judge: Honorable J. Andrew Smyser

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 26, 2012
Before: SLOVITER, SMITH and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 26, 2012)
_____

OPINION
_____

PER CURIAM

In 2009, Ryan Shafik and his company, Rockwood Strategies, LP, ("Rockwood")
brought a breach of contract action against John F. Curran III. The parties consented to
proceed before a Magistrate Judge. Following a bench trial, the Magistrate Judge entered

judgment in favor of Rockwood in the amount of $28,000. Curran appealed.[1] We have jurisdiction pursuant to 28 U.S.C. §§ 636(c)(3) and 1291.

Curran argues that Rockwood failed to produce relevant documents in response to discovery requests. In particular, Curran complains that Rockwood did not provide a "precursor email . . . dated on or about October 17, 2009," that was sent to Curran from Rockwood. According to Curran, Rockwood stated in the email that it would cease to perform the services described in the contract if it was not paid. Curran claimed that disclosure of this email "would have seriously harmed [Rockwood's] case had such email been produced."

We review discovery matters by the abuse of discretion standard. <u>Public Loan Co. v. Federal Deposit Ins. Corp.</u>, 803 F.2d 82, 86 (3d Cir. 1986). In this case, Curran submitted to Rockwood interrogatories and a request for production of documents. Rockwood responded to those requests prior to trial. Curran did not object to those disclosures or seek additional time

---

[1] Curran mistakenly filed the notice of appeal in this Court. In addition, the notice of appeal was filed more than 30 days after the Magistrate Judge entered judgment on August 17, 2011. <u>See</u> Fed. R. App. P. 4(a)(1)(A). Curran attached to the notice of appeal a letter explaining that the "Judgment was delivered from the court to me while [I was] deployed in Iraq." We assigned the appeal No. 11-3844, forwarded the notice of appeal to the District Court for docketing, and directed that Curran's letter be treated as a "Motion for Extension of Time to file Notice of Appeal pursuant to [Federal Rule of Appellate Procedure] 4(a)(5)." The Magistrate Judge granted the Rule 4(a)(5) motion. Although Rockwood filed a notice of appeal from the order granting the 4(a)(5) motion, which was docketed at No. 11-4361, <u>see</u> <u>Ragguette v. Premier Wines & Spirits</u>, − F.3d −, 2012 WL 3346313 (3d Cir. Aug. 15, 2012) (addressing appeal of order granting 4(a)(5) motion), it has since moved to voluntarily dismiss that appeal, stating that "it would be a waste of this Court's time and resources to prosecute [the] cross-appeal." <u>See</u> Fed. R. App. P. 42(b). We will grant Rockwood's motion. Furthermore, although Curran argued in his opening brief his notice of appeal should be deemed timely filed, he has since acknowledged that the issue is now moot.

to conduct further discovery.[2]  Consequently, he has waived any challenge to his alleged inability to obtain necessary discovery.  Cf. Falcone v. Columbia Pictures Indus., Inc., 805 F.2d 115, 117 n.2 (3d Cir. 1986) (holding that failure to file affidavit seeking discovery in summary judgment proceedings resulted in waiver of discovery claims).  Even if the issue had been properly preserved, we would conclude that Curran has failed to demonstrate "that there has been an interference with a 'substantial right'" or "a gross abuse of discretion resulting in fundamental unfairness in the trial of the case."  Marroquin-Manriquez v. INS, 699 F.2d 129, 134 (3d Cir. 1983) (citations omitted).  Notably, Curran failed to comply with Rockwood's own discovery requests, see Public Loan, 803 F.2d at 87 (holding that plaintiffs' "lack of good faith in compliance with [defendants'] discovery requests" undermined plaintiffs' claim that district court improperly denied their motion to compel discovery), and Curran has not explained why the allegedly exculpatory email – sent from Rockwood to Curran – was not already in his possession.

For the foregoing reasons, we will affirm the judgment of the Magistrate Judge.[3]

---

[2] Several months after trial, Curran filed a motion to compel discovery.  The District Court immediately entered an order striking the motion, noting that the "time for seeking discovery and discovery-related sanctions has passed."  Curran did not file a notice of appeal with respect to that order.  To the extent that we have jurisdiction to consider the denial of Curran's motion to compel, we conclude that the District Court did not abuse its discretion in denying a motion for discovery that was first brought after a verdict was entered against Curran.

[3] Rockwood's motion to voluntarily dismiss the appeal at No. 11-3844 is granted, but its motion to quash Curran's appeal and its motion for damages pursuant to Federal Rule of Appellate Procedure 38 are denied.  Curran's "Motion for Stay of Civil Execution," in which he complains, inter alia, that he has not received a copy of Rockwood's Brief, is denied.  We note that, by order entered June 28, 2012, the Clerk provided Curran with a copy of Rockwood's brief.